IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Secure Matrix LLC, § § Plaintiff / Counter-Defendant, § § vs. § § Penney OpCo LLC § § Defendant / Counter-Plaintiff. § § § | CASE NO. 2:25-CV-00004-RWS-RSP Jury Trial Demanded |

**DEFENDANT PENNEY OPCO LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS IN RESPONSE TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

1. Defendant Penney OpCo LLC ("Penney OpCo") files this, its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Secure Matrix LLC ("Plaintiff" or "Secure Matrix") Original Complaint for Patent Infringement (Dkt. No. 1) (the "Complaint"). Defendant denies all allegations and characterizations in the Complaint unless expressly admitted in the following headings and numbered paragraphs which correspond to those in the Complaint.

**PARTIES**

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3. Defendant Penney OpCo LLC admits that it is a Virginia limited liability company with its principal place of business is located at 6501 Legacy Drive, Plano, Texas 75024. Defendant Penney OpCo LLC denies any remaining allegations in Paragraph 3 of the Complaint.

**JURISDICTION**

4. Admitted.

5. Admitted.

6. Without admitting any allegations in Paragraph 6 of the Complaint, Defendant in this action alone does not contest whether jurisdiction is proper in this District.

### VENUE

7. Without admitting any allegations in Paragraph 7 of the Complaint and without waiving any future relief from the Court, Defendant does not contest that venue may be proper in this District in this action although there are venues which would be more convenient and proper for this action. Defendant denies any remaining allegations in Paragraph 7 of the Complaint.

### PATENT-IN-SUIT

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore denies them.

### THE '116 PATENT

9. Defendant admits that United States Patent No. 8,677,116 ("the '116 Patent" or the "Asserted Patent"), entitled "Systems and methods for authentication and verification," and attached as Exhibit 1 to the Complaints appears to have been filed on August 9, 2013 and issued on March 18, 2014. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 9 of the Complaint and therefore denies them.

### COUNT 1: [ALLEGED] INFRINGEMENT OF THE '116 PATENT

10. Defendant incorporates its responses to Paragraphs 1-9 as though fully set forth herein.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied as to all allegations other than the existence of Exhibit 2 attached to the Complaint.

17. Paragraph 17 contains no allegations which require a response. To the extent Paragraph 17 contains any allegations, Defendant denies any allegations.

18. Denied.

## JURY DEMAND

19. Defendant is not required to provide a response to Plaintiff's request for a trial by jury.

## PRAYER FOR RELIEF

To the extent that any response to the requested relief in the Complaint is required, Defendant denies that Plaintiff has any valid claim pursuant to 35 U.S.C. § 271 et seq. Defendant further denies that it has violated any of the Patent Laws of the United States with respect to the '116 Patent. Defendant further denies that Plaintiff is entitled to any of its requested relief, including that specified in subparagraphs A-E, including subparts i-iii of Plaintiff's Prayer for Relief, and Defendant requests that the Court deny the relief requested by Plaintiff.

## GENERAL DENIAL

Defendant further denies any allegation in the Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Defendant alleges and asserts the following defenses in response to the allegations of the Complaint. Regardless of how such defenses are listed herein, Defendant undertakes the burden of proof only as to those defenses that are deemed affirmative defenses requiring such burden as a matter of law. In addition to the

affirmative defenses described below, Defendant specifically reserves all rights to allege additional affirmative defenses, including but not limited to those that become known through the course of this action. Defendant further reserves the right to amend this Answer to include such defenses.

### FIRST AFFIRMATIVE DEFENSE—NON-INFRINGEMENT

Defendant has not and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patent as alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE—INVALIDITY

The Asserted Patent is invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE—PROSECUTION HISTORY ESTOPPEL

The claims of the Asserted Patent are limited by the text of the Asserted Patent, the prosecution history, including that of related patents, and/or the prior art such that Plaintiff is estopped, or otherwise precluded, from asserting that any claim of the Asserted Patent is infringed by Defendant, either literally or by equivalents.

### FOURTH AFFIRMATIVE DEFENSE—ENSNAREMENT

Plaintiff cannot argue that the claims of the Asserted Patent are broad enough that an accused product would be found to infringe under the doctrine of equivalents because such a construction would render the claims invalid in view of the prior art.

### FIFTH AFFIRMATIVE DEFENSE—MARKING AND DAMAGES LIMITATIONS

To the extent Plaintiff or its licensees have failed to comply with the marking requirement of 35 U.S.C. § 287, Plaintiff cannot recover any damages for Defendant's alleged infringement prior to the date the Complaint was filed. Further, Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286 and/or 35 U.S.C. § 41(c)(2).

## SIXTH AFFIRMATIVE DEFENSE—FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE—LICENSING

Upon information and belief, Plaintiff's claims are barred to the extent that any accused instrumentalities are supplied, directly or indirectly, to Defendant by an entity or entities having an express or implied license to the Asserted Patents.

## EIGHTH AFFIRMATIVE DEFENSE—NO INJUNCTIVE RELIEF

Plaintiff's claim for injunctive relief is barred because there exists an adequate remedy at law and Plaintiff's claims otherwise fail to meet the requirements for such relief.

## NINTH AFFIRMATIVE DEFENSE—LIMITATION ON COSTS

Plaintiff is barred under 35 U.S.C. § 288 from recovering costs associated with this case.

## TENTH AFFIRMATIVE DEFENSE—LIMITATION ON CLAIMS

Plaintiff's claims for relief are barred or limited under the doctrines of estoppel, waiver, acquiescence, patent misuse, and/or unclean hands.

## PENNEY OPCO LLC'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counter-Plaintiff Penney OpCo LLC ("Penney OpCo") hereby asserts the following counterclaims of patent infringement against Plaintiff/Counter-Defendant Secure Matrix LLC ("Secure Matrix") and avers as follows:

### NATURE AND BASIS OF ACTION

1. Penney OpCo seeks a declaratory judgment of non-infringement and invalidity of United States Patent No. 8,677,116 ("the '116 Patent" or the "Asserted Patent") pursuant to the Patent Laws of the United States, 35 U.S.C. § 1, et seq., damages, and such other relief as the Court deems just and proper.

### PARTIES

2. Penney OpCo is a Virginia limited liability company with its principal place of business located at 6501 Legacy Drive, Plano, Texas 75024.

3. On information and belief based solely on Paragraph 1 of the Complaint as pled by Secure Matrix, Secure Matrix LLC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 261 W. 35th Street, Suite 1003, New York, NY 10003.

### JURISDICTION AND VENUE

4. If subject matter jurisdiction is proper for Secure Matrix's claims, this Court has jurisdiction over these Counterclaims pursuant to, and without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2201, 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

5. Secure Matrix has subjected itself to personal jurisdiction in this District by filing suit against Penney OpCo in this District.

6. Secure Matrix has consented to venue in this District by filing suit against Penney OpCo in this District.

## COUNT I:
## DECLARATION OF NON-INFRINGEMENT OF THE '116 PATENT

7.  Penney OpCo incorporates by reference the preceding paragraphs of Penney OpCo's Counterclaims as though fully set forth herein.

8.  Secure Matrix has accused Penney OpCo of infringing the '116 Patent.

9.  As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Penney OpCo and Secure Matrix regarding the alleged infringement of the '116 Patent.

10.  Penney OpCo has not infringed and does not directly infringe any valid and enforceable claim of the '116 Patent, either literally or under the doctrine of equivalents.

11.  A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy and prevent Secure Matrix from continuing to allege infringement of the '116 Patent by Penney OpCo.

## COUNT II
## DECLARATION OF INVALIDITY OF THE '116 PATENT

12.  Penney OpCo incorporates by reference the preceding paragraphs of Penney OpCo's Counterclaims as though set forth fully herein.

13.  As a result of the acts described in the foregoing Paragraphs, there exists an actual and justiciable controversy between Penney OpCo and Secure Matrix regarding the validity of the '116 Patent.

14.  The claims of the '116 Patent are invalid for failure to meet the conditions for patentability and/or otherwise comply with the requirements of 35 U.S.C. § 101 et seq., including but not limited to §§ 101, 102, 103, and 112.

15.  A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and prevent Secure Matrix from continuing to allege validity of the '116 Patent.

## PENNEY OPCO'S PRAYER FOR RELIEF

WHEREFORE, Penney OpCo requests that the Court enter a judgment in Penney OpCo's favor and grant the following relief:

      a.      A judgment dismissing Secure Matrix's Complaint with prejudice;

      b.      A declaration that Penney OpCo has not infringed any claims of the Asserted Patent;

      c.      A declaration in favor of Penney OpCo that the asserted claims of the Asserted Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112;

      d.      An injunction against Secure Matrix and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Secure Matrix from charging infringement or instituting or continuing any legal action for infringement of the Asserted Patent against Penney OpCo, its customers, or anyone acting in privity with Penney OpCo;

      e.      An order declaring that Penney OpCo is the prevailing party and that this is an exceptional case, awarding Penney OpCo its reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

      f.      An order awarding Penney OpCo its costs and expenses of litigation, including but not limited to disbursements and expert witness fees; and

      g.      Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Penney OpCo respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: March 24, 2025

          Respectfully submitted,

          **JACKSON WALKER LLP**

          By: */s/ Nathaniel St. Clair, II*
              Nathaniel St. Clair, II
              State Bar No. 24071564
              nstclair@jw.com
              Blake T. Dietrich
              State Bar No. 24087420
              bdietrich@jw.com
              2323 Ross Avenue, Suite 600
              Dallas, Texas 75201
              (214) 953-6000
              (214) 953-5822 – Fax

              Melissa Samano Ruiz
              State Bar No. 24128097
              mruiz@jw.com
              100 Congress Avenue, Suite 1100
              Austin, TX 78701
              (512) 236-2000
              (512) 236-2002 – Fax

          **COUNSEL FOR DEFENDANT/COUNTER-PLAINTIFF PENNEY OPCO LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served on March 24, 2025, on all counsel of record by CM/ECF.

          */s/ Nathaniel St. Clair, II*
          Nathaniel St. Clair, II